# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street S.W., Suite 800 <br> Washington, DC 20024, <br><br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF <br> HOMELAND SECURITY, <br> 2707 Martin Luther King Jr. Avenue SE <br> Mailstop 0485 <br> Washington, DC 20528-0485 <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Homeland Security is an agency of the United States Government and is headquartered at 2707 Martin Luther King Jr. Avenue SE, Mailstop 0485, Washington, DC 20528-0485. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 24, 2025, Plaintiff submitted a FOIA request to the Transportation Security Administration ("TSA"), a component of Defendant, seeking access to the following:

> All records regarding Ms. Christina Gabrielle Bobb, a United States citizen born on November 4, 1982, in Farmington Hills, Michigan with a current residential address of 136 Kentucky Ave SE, Washington, DC 20003. This request includes, but is not limited to, all records regarding Ms. [B]obb's enrollment in the TSA Pre-Check Program and any cancellation or suspension of that enrollment, as well as all records of communication between any official or employee of TSA and any official, employee, or representative of any other branch, department, agency, or office of the federal government mentioning or referring to Ms. Bobb.

6. TSA acknowledged receiving the request on January 27, 2025 and advised Plaintiff that the request had been assigned "Perfected Case Number: 2025-TSFO-01615 46579." The letter also invoked FOIA's 10-day extension of time provision for "unusual circumstances" and requested that Plaintiff provide a TSA Affirmation/Declaration form signed by Ms. Bobb authorizing TSA to release the requested records to Plaintiff.

7. Plaintiff provided the TSA Affirmation/Declaration signed by Ms. Bobb later that same day, January 27, 2025.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor;

(iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 11, 2025, at the latest. Because Defendant failed to make a final determination within the time limits required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  March 20, 2025                                    Respectfully submitted,

                                                          */s/ Paul J. Orfanedes*
                                                          Paul J. Orfanedes
                                                          D.C. Bar No. 429716
                                                          JUDICIAL WATCH, INC.
                                                          425 Third Street SW, Suite 800
                                                          Washington, DC 20024
                                                          Tel:    (202) 646-5172
                                                          Fax:    (202) 646-5199
                                                          Email: porfanedes@judicialwatch.org

                                                          *Counsel for Plaintiff*

- 4 -